UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRIST DIVISION

| | | |
|---|---|---|
| **JULIO TORRES AND ANGELINA NEITO,** § § § § § § § § § § § § § § | | **CIVIL ACTION NO. 2:23-cv-106** |
| *Plaintiffs*, | | |
| vs. | | |
| **MACY'S RETAIL HOLDINGS, LLC.; CORPUS CHRISTI RETAIL VENTURE, LP; TRADEMARK MANAGEMENT, LTD. AND SCHINDLER ELEVATOR CORPORATION,** | | |
| *Defendants* | | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S AMENDED ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW, JULIO TORRES** and **ANGELINA NIETO**, hereinafter referred to by names or as "Plaintiffs," and complain of **MACY'S RETAIL HOLDINGS, LLC.; CORPUS CHRISTI RETAIL VENTURE, LP; TRADEMARK MANAGEMENT, LTD. AND SCHINDLER ELEVATOR CORPORATION**, hereinafter referred to by name or as "Defendant(s)" and for cause of action would respectfully show unto the Court as follows:

**I.
DISCOVERY CONTROL PLAN**

1.   Plaintiffs intend that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

**EXHIBIT**

Motion for Leave - Ex. 1

## II.
## PARTIES

2. Plaintiff **JULIO TORRES** (SSN xxx-xx-0246) is an individual residing in Nueces County Texas, and thus is a resident of the Southern District of Texas.

3. Plaintiff **ANGELINA NIETO** (SSN xxx-xx-x791) is an individual residing in Nueces County, Texas, and this is a resident of the Southern District of Texas.

4. Defendant **MACY'S RETAIL HOLDINGS, LLC.** is foreign corporation doing business in the State of Texas and has been served with process and filed an answer. No further service is necessary.

5. In conjunction with this suit as against **MACY'S RETAIL HOLDINGS, LLC**, Plaintiffs also hereby asserts this cause of action and claim as against any and all corporations, limited liability companies, partnerships, unincorporated associations, private corporations, companies of any kind, and/or individuals doing business under the name of **MACY'S RETAIL HOLDINGS, LLC**, or any common name for that entity (such as "Macy's"), or type as well as any entity doing business or exercising control over the operations at or near the premises located at the 5844 South Padre Island Dr. – La Palmera Mall, Ste. 5000, Corpus Christi, Texas, on the date of the accident alleged herein, being July 30, 2021, involved with **MACY'S INC.; MACY'S RETAIL HOLDINGS, INC.; MACY'S RETAIL HOLDINGS, LLC, CORPUS CHRISTI RETAIL VENTURE, LP; TRADEMARK MANAGEMENT, LTD.; AND SCHINDLER ELEVATOR CORPORATION** pursuant to Texas Rule of Civil Procedure 28 and Texas substantive law, for the purpose of enforcing against it a substantive right.

6. Defendant **CORPUS CHRISTI RETAIL VENTURE, LP** is a foreign limited partnership authorized to do business in the State of Texas and has been served with process and filed an answer. No further service is necessary.

7. In conjunction with this suit as against **CORPUS CHRISTI RETAIL VENTURE, LP**, Plaintiffs also hereby asserts this cause of action and claim as against any and all corporations, limited liability companies, partnerships, unincorporated associations, private corporations, companies of any kind, and/or individuals doing business under the name of **CORPUS CHRISTI RETAIL VENTURE, LP**, or any common name for that entity (such as "La Palmera"), or type as well as any entity doing business or exercising control over the operations at or near the premises located at the 5844 South Padre Island Dr. – La Palmera Mall, Ste. 5000, Corpus Christi, Texas, on the date of the accident alleged herein, being July 30, 2021, involved with **MACY'S INC.; MACY'S RETAIL HOLDINGS, INC.; MACY'S RETAIL HOLDINGS, LLC, CORPUS CHRISTI RETAIL VENTURE, LP; TRADEMARK MANAGEMENT, LTD.; AND SCHINDLER ELEVATOR CORPORATION** pursuant to Texas Rule of Civil Procedure 28 and Texas substantive law, for the purpose of enforcing against it a substantive right.

8. Defendant **TRADEMARK MANAGEMENT, LTD.** is a domestic limited partnership organized under the laws of the State of Texas and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, Texas, 78701. **ISSUANCE OF CITATION IS REQUESTED.**

9. In conjunction with this suit as against **TRADEMARK MANAGEMENT, LTD.**, Plaintiffs also hereby asserts this cause of action and claim as against any and all corporations, limited liability companies, partnerships, unincorporated associations, private corporations, companies of any kind, and/or individuals doing business under the name of **"LaPalmera Mall"**, or any common name for that entity or its predecessor "Padre Staples Mall," or type as well as any entity doing business or exercising control over the operations at or near the premises located at

the 5844 South Padre Island Dr. – La Palmera Mall, Ste. 5000, Corpus Christi, Texas, on the date of the accident alleged herein, being July 30, 2021, involved with **MACY'S INC.; MACY'S RETAIL HOLDINGS, INC.; MACY'S RETAIL HOLDINGS, LLC, CORPUS CHRISTI RETAIL VENTURE, LP; TRADEMARK MANAGEMENT, LTD.; AND SCHINDLER ELEVATOR CORPORATION** pursuant to Texas Rule of Civil Procedure 28 and Texas substantive law, for the purpose of enforcing against it a substantive right.

10. Defendant **SCHINDLER ELEVATOR CORPORATION** is a foreign, for-profit corporation authorized to do business in the State of Texas and has been served with process and filed an answer. No further service is necessary.

11. In conjunction with this suit as against **SCHINDLER ELEVATOR CORPORATION**, Plaintiffs also hereby asserts this cause of action and claim as against any and all corporations, limited liability companies, partnerships, unincorporated associations, private corporations, companies of any kind, and/or individuals doing business under the name of **SCHINDLER ELEVATOR CORPORATION**, or any common name for that entity, or type as well as any entity doing business or exercising control over the operations at or near the premises located at the 5844 South Padre Island Dr. – La Palmera Mall, Ste. 5000, Corpus Christi, Texas, on the date of the accident alleged herein, being July 30, 2021, involved with **MACY'S INC.; MACY'S RETAIL HOLDINGS, INC.; MACY'S RETAIL HOLDINGS, LLC, CORPUS CHRISTI RETAIL VENTURE, LP; TRADEMARK MANAGEMENT, LTD.; AND SCHINDLER ELEVATOR CORPORATION** pursuant to Texas Rule of Civil Procedure 28 and Texas substantive law, for the purpose of enforcing against it a substantive right.

## III.
## JURISDICTION & VENUE

**12.    The subject matter in controversy is not within the jurisdictional limits of the court because there is not complete diversity between the parties.  Specifically, Defendant Trademark Management Ltd. and its general partner, Trademark Property Company are BOTH citizens of the State of Texas.**

13.    Venue in the Southern District of Texas is proper pursuant to 28 U.S.C. § 1391 because all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Nueces County, Texas which lies in the Southern District of Texas.

14.    Plaintiff requests a jury trial.

15.    Plaintiffs assert that the amount of any monetary damages awarded to Plaintiffs should be decided by a jury of Plaintiffs' peers. However, TEX. R. CIV. P. 47 requires Plaintiff to affirmatively plead the amount of damages sought. In compliance with the rule, Plaintiffs plead for monetary relief over $250,000.00 but not more than $1,000,000.00 so that the jury will have the discretion to award an amount it deems fit.

## IV.
## COMMON NAMES

16.    Pursuant to RULE 28 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs sue each Defendant in its common name for the purpose of invoking the jurisdiction of the Court and putting the Defendants on notice of the basis of this lawsuit.

## IV.
## FACTS

17.    On or about July 30, 2021, Plaintiffs **JULIO TORRES** and **ANGELINA NIETO** were invitees shopping in Defendants' Macy's Department Store located at 5844 South Padre Island Dr. – La Palmera Mall, Ste. 5000, in Corpus Christi, Nueces County, Texas, and were utilizing the

escalator inside Defendants' premises to travel from the first floor to the second floor of the store to shop. Plaintiffs were nearly halfway up the escalator when it suddenly jerked causing **ANGELINA NIETO** to fall onto the steps and causing **JULIO TORRES** to injure himself trying to prevent her fall. The incident caused severe injuries and damages to their bodies as more fully set forth in their medical records. There was no time for Plaintiffs to react or perceive the danger they were in.

18. Upon information and belief, the escalator located in Defendants' Macy's Department Store was inspected, repaired, and maintained by Defendants **TRADEMARK MANAGEMENT, LTD.** and/or **SCHINDLER ELEVATOR CORPORATION**, who were responsible for ensuring that the escalator complied with the applicable standard of care established by the American Society of Mechanical Engineers and/or the safety codes enforced by the Texas Department of Licensing and Regulations.

## V.
## CAUSES OF ACTION AGAINST DEFENDANTS MACY'S RETAIL HOLDINGS, LLC, CORPUS CHRISTI RETAIL VENTURE, LP, AND TRADEMARK MANAGEMENT, LTD.

A.   **PREMISES LIABILITY**

19. On or about July 30, 2021, Defendants were in possession of the premises known as Macy's Department Store located at 5844 South Padre Island Dr. – La Palmera Mall, Ste. 5000, in Corpus Christi, Nueces County, Texas, which forms the basis of this suit. The Plaintiffs were invitees on the premises, because they entered the Defendants' premises with Defendants' knowledge and for the economic benefit of Defendants. As such, Defendants owed Plaintiffs a duty of ordinary care to adequately warn them of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe. However, Defendants breached their duty of ordinary care to Plaintiffs by both failing to warn the Plaintiff of the dangerous condition and failing to make the

condition reasonably safe. The condition was not open and obvious, and the Plaintiffs were not aware of the danger.

20. The Defendant's acts and/or omissions were negligent and the proximate cause of the incident and the Plaintiff's injuries and damages.

**B.    NEGLIGENCE**

21. The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages of the Plaintiffs were proximately caused by the negligent conduct of Defendants, their agents, servants, and employees, in one or more of the following respects, including, but not limited to:

   a. In creating a dangerous condition;

   b. In allowing a dangerous condition to exist, so that Plaintiff would fall and be injured;

   c. In failing to provide for the safety of Plaintiff under the circumstances;

   d. In failing to warn invitees, including Plaintiff, of the hazards of the dangerous condition;

   e. In failing to warn invitees, including Plaintiff, that the area in question should be approached with caution;

   f. In negligently maintaining the area in question in such a way as to constitute a negligent activity;

   g. In failing to warn invitees, including Plaintiff, that there was a dangerous condition which required extra care to be taken while working in the area;

   h. In failing to maintain the premises in a reasonably safe condition for Plaintiff; and

   i. In failing to remove the dangerous condition or warn of its existence.

**C.    RESPONDEAT SUPERIOR/BORROWED SERVANT/AGENCY/JOINT VENTURE**

22. Defendants are liable under the theory of *respondeat superior, borrowed servant, joint venture and/or agency* as those terms are understood in law in that Defendants' employees were

acting within the course and scope of their employment with Defendants at the time the incident occurred.

23. Each and all of the foregoing acts and/or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

D. GROSS NEGLIGENCE

24. The acts and/or omissions by Defendants outlined in this Petition constitute gross negligence as that term is defined in §41.001(11) TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendants' acts or omissions which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which Defendants have actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs.

25. Each of these acts and/or omissions, whether taken singularly or in any combination, constitutes negligence and negligence *per se* and gross negligence which proximately caused the incident and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANTS SCHINDLER ELEVATOR CORPORATION AND/OR TRADEMARK MANAGEMENT, LTD.

A.     **NEGLIGENCE/NEGLIGENT ACTIVITY**

26.    On the occasion in question, the Defendants **SCHINDLER ELEVATOR CORPORATION and/or TRADEMARK MANAGEMENT, LTD.** and their agents, servants, and employees was guilty of negligence towards the Plaintiff in the following respects:

   a.   failing to maintain a safe escalator

   b.   failing to adequately or properly maintain the escalator and its components;

   c.   failing to maintain or adequately repair the escalator and its components once it should have been reasonably determined that it was unsafe;

   d.   failing to adequately test or inspect the escalator

   e.   failing to implement, install, and/or upgrade the escalator safety components;

   f.   Failing to ensure the proper maintenance, repair and safety code compliance of escalators at the Macy's Department Store property at issue and in particular the escalator on which Plaintiffs were injured ·

   g.   Failing to follow the standard of care for escalator's established by the American Society of Mechanical Engineers; and

   h.   Failing to warn Plaintiff or the Macy's Department Store that the escalator was not in compliance with the applicable safety code provisions.

   i.   Such other and further acts of negligence as may be established through discovery, including the deposition testimony of witnesses and employees of defendants

27.    Each and all of the foregoing acts and or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

    B.    **GROSS NEGLIGENCE**

28.    The acts and/or omissions by Defendants outlined in this Petition constitute gross negligence as that term is defined in §41.001(11) TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendant's acts or omissions which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which Defendant has actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs, in one or more of the following ways:

    a.    Allowing a dangerous condition to exist and failing to properly warn of or to guard against its danger and to eliminate the danger in a timely manner;

    b.    Failing to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition on the premises;

    c.    Failing to properly maintain the escalator;

    d.    Failing to properly repair the escalator once it was reasonably determined that it was unsafe;

    e.    Failing to inspect the escalator for dangerous conditions; and,

    f.    Failing to ensure the proper maintenance, repair and safety code compliance of escalators at the Macy's Department Store property at issue.

29.    Each of these acts and/or omissions, whether taken singularly or in any combination, constitutes negligence and negligence *per se* and gross negligence which proximately caused the incident and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## VII.
## DAMAGES

30.    As a direct and proximate result of the negligent acts and omissions of the Defendants, Plaintiffs suffered bodily injuries as reflected in the medical records from the health care providers

that have treated the injuries since this injury.  These injuries may be permanent in nature. The injuries have had an effect on the Plaintiffs' health and well-being.  As a further result of the nature and consequences of his injuries, the Plaintiffs have suffered and may continue to suffer into the future, physical pain and mental anguish.

31. As a further result of all of the above, Plaintiffs have incurred expenses for their medical care and attention.  These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

32. As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

33. By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

## VIII.
## INTEREST

34. Plaintiffs further request both pre-judgment and post-judgment interest on all their damages as allowed by law.

## IX.
## JURY DEMAND

35. Plaintiffs demand a trial by jury and tender payment this date of the required jury fee.

## X.
## RULE 193.7 NOTICE OF SELF-AUTHENTICATION

36. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby gives actual notice to Defendants that the production of any document in response to written

discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## DESIGNATED E-SERVICE EMAIL ADDRESS

37. The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a:

[litigation@herrmanandherrman.com](mailto:litigation@herrmanandherrman.com)

This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against the Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage-earning capacity;
13. Pre-judgment interest;
14. Post-judgment interest; and

15.     Exemplary damages;

          **RESPECTFULLY SUBMITTED,**

          **HERRMAN & HERRMAN, P.L.L.C.**
          **THE HERRMAN BUILDING**
          **1201 THIRD STREET**
          **CORPUS CHRISTI, TEXAS 78404**
          **PHONE: (361) 882-4357**
          **FAX: (361) 883-7957**


          **BY:**    **/S/ GEORGE A. DEVERA**
                      **GEORGE A. DEVERA**
                      **FEDERAL ID NO. 1059244**
                      **STATE BAR NO. 24048431**
                      *Email:* gdevera@herrmanandherrman.com
                      *\*litigation@herrmanandherrman.com*
                      **ATTORNEY FOR PLAINTIFFS**

**\*     Plaintiff designates the above-referenced e-mail address as the only e-mail address to be used for service via e-filing.  Notice is hereby given that e-mails sent to any other e-mail address will not be accepted for the purposes of service in this cause.  If e-filing is not currently available, then service will be designated in accordance with the Federal Rules of Civil Procedure.**

## CERTIFICATE OF SERVICE

I certify that on the 12th day of July 2023, a true and correct copy of the above and foregoing Plaintiffs' Amended Complaint was served via electronic service on the following attorney in charge for Defendants:

T. Christopher Trent
Texas Bar No. 20209400
Federal ID No. 14244
Raphael "Rafe" C. Taylor
Texas Bar No. 00788514
Federal ID No. 17278
David J. Baluk
Texas Bar No. 24078186
Federal ID No. 1376449
JOHNSON, TRENT & TAYLOR, L.L.P.
919 Milam, Suite 1500
Houston, Texas 77002
Telephone: (713) 222-2323
Facsimile: (713) 222-2226
Email: ctrent@johnsontrent.com
Email: rtaylor@johnsontrent.com
Email: dbaluk@johnsontrent.com
Counsel for Defendant Schindler Elevator Corporation

Kristie E. Johnson
Texas Bar No. 24038382
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
909 Fannin Street, Suite 3300
Houston, Texas 77010
Telephone: (713) 353-2000
Facsimile: (713) 785-7780
Email: Kristie.Johnson@wilsonelser.com
Counsel for Defendant Corpus Christi Retail Venture, LP

James A. Lowery, III
Texas Bar No. 00797911
Jordan P. Caruso
Texas Bar No. 24121269
Caroline J. Baird
Texas Bar No. 24133391
GORDON REES SCULLY MANSUKHANI, LLP
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone: (214) 231-4660
Facsimile: (214) 461-4053
Email: jlowery@grsm.com
Email: jcaruso@grsm.com
Email: cbaird@grsm.com
Counsel for Defendant Macy's Retail Holdings, LLC

                                            **/s/ George A. DeVera**
                                            George A. DeVera